UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

POWERSCREEN USA, LLC, et al.                                    PLAINTIFFS


v.                                                      CIVIL ACTION NO. 3:07CV-433-S


D & L EQUIPMENT, INC.                                            DEFENDANT


**MEMORANDUM OPINION AND ORDER**


        This matter is before the court on motion of the defendant, D & L Equipment, Inc., to

transfer venue of this action to the United States District Court for the Eastern District of Michigan

(DN 20).  This action arose from the apparent deterioration of a long-standing business relationship

between Powerscreen USA, LLC/Terex Corporation[1] and D & L Equipment, Inc.

        D & L is a Michigan corporation formed in 1994, with its principal place of business in

Michigan.  In that same year, D & L purchased Powerscreen Michigan and obtained the exclusive

right to sell Powerscreen crushing and screening equipment in the state of Michigan.  D & L was

also an authorized distributor of BL-Pegson USA Inc. crushing and screening equipment in

Michigan.[2]  In 2005, D & L obtained the Ohio distributorship for Powerscreen/Terex equipment.

Powerscreen is a Kentucky limited liability company with its principal place of business in

Louisville.  Terex is a Delaware corporation with its principal place of business in Westport,

---

        [1]In the motions to consolidate the cases of *Powerscreen USA, LLC v. D & L Equipment, Inc.*, No. 3:07CV-433-S and *Terex Corporation v. D & L Equipment, Inc.*, No. 3:07CV-434-S it was noted that Powerscreen is a subsidiary of Terex.  For our purposes herein, we shall refer to these entities jointly.

        [2]Powerscreen Michigan was not a distributor of BL-Pegson products.  Terex is the successor to BL-Pegson USA, Inc.

Connecticut.  Terex does business under the name BL-Pegson at the same Louisville location as Powerscreen.

Powerscreen/Terex allege that they have sold, delivered and invoiced D & L for equipment and parts for which D & L has not paid.  In two now-consolidated actions Powerscreen/Terex seeks to recover on unpaid invoices and on a promissory note for money borrowed from Powerscreen.

D & L seeks a transfer of this action to the Eastern District of Michigan.  D& L bears the burden of showing that transfer is appropriate.  *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

28 U.S.C. § 1391(a) states that "[a] civil action wherein jurisdiction is founded on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

The action was properly brought in Kentucky inasmuch as a substantial part of the events giving rise to the claim could be said to have occurred here.  That is, taking the facts in the light most favorable to Powerscreen/Terex, orders were placed with Powerscreen/Terex in Kentucky and invoices were generated by them here.  D & L sought credit approval and established a business relationship with Powerscreen/Terex.  D & L communicated its acceptance of Powerscreen/Terex's proposals through its purchase orders sent to Kentucky.  This course of conduct led to the provision of goods and services to D & L through direct shipment to D & L customers.  Invoices then sent to D & L were not paid.  We conclude, therefore, that venue is proper under these facts.

D & L urges that the decisions not to pay invoices were made by management in Michigan, and the equipment did not come from nor did it pass through Kentucky.  We reject this argument,

however, as a substantial part of the events (the purchase of machines) and omissions (the failure to pay for purchased machines) occurred in Kentucky.

Having found that venue is proper under 28 U.S.C. § 1391(a), D & L's motion for transfer of venue must be considered under 28 U.S.C. § 1404(a). "[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric 'interest fo justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 (6th Cir. 2006). The court considers (1) the location of willing and unwilling witnesses, (2) the residence of the parties, (3) the location of sources of proof, (4) the location of the events that gave rise to the dispute, (5) systemic integrity and fairness, and (6) the plaintiff's choice of forum in making this determination. *Total Filtration Services, Inc. v. A.T. Kearney, Inc.*, 2007 WL 1258865 (M.D.Tenn. April 30, 2007) at *2. In this calculus, the defendant must make a strong showing of inconvenience to warrant upsetting the plaintiffs' choice of forum. *Costco Wholesale Corp. v. Liberty Mutual Insurance Company*, 472 F.Supp.2d 1183 (S.D.Cal. 2007).

D & L urges that the interests of justice would be served by transfer of the action to the Eastern District of Michigan, and that a transfer would serve the convenience of the many non-employee potential witnesses and customer contacts it has listed in an attachment to its motion. It urges that its offices and equipment yard are in Michigan and it has no Kentucky customers. However, these factors are of little import here, as it is not D & L's Michigan business operations which are in issue. Rather, it is the sales transactions between D & L and Powerscreen/Terex which are the subject of these claims. Further, the list of potential witnesses and business contacts is unhelpful inasmuch as there is no indication what, if any, connection these individuals have to the issues in this litigation. *Total Filtration*, 2007 WL at *3 ("...the determination of the convenience of witnesses is not merely a 'head count...'); *Costco Wholesale*, 472 F.Supp2d at 1193 ("In

establishing inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance. [citations omitted]").

The parties digress into an argument over competing forum selection clauses in their standard forms which were apparently exchanged by fax and mail.  On the facts before us, we find no clear indication of a meeting of the minds as to this term.  Powerscreen/Terex note that their clause states that it supersedes all other such language in competing forms.  D & L contends that it was unwilling to agree to Kentucky jurisdiction, and informed Powerscreen/Terex of its position.

We find that the language in Powerscreen/Terex's form clearly indicates that it had no intention of accepting a conflicting forum selection clause.  At best, the parties failed to reach a consensus on this point.  Thus we find that the forum selection clauses are a non-factor in our analysis.

Finally, D & L raises the question of whether the Michigan Franchise Investment Law, Mich.Comp.LawsAnn. § 445.1501, *et seq.*, and/or the Michigan Farm and Utility Equipment Act, Mich.Comp.LawsAnn. § 445.1451, *et seq.*, statutes operate to preclude the enforcement of a forum selection clause mandating litigation in a venue other than Michigan.  We need not decide this point, inasmuch as we have already determined not to rely upon the Powerscreen/Terex forum selection clause in determining proper venue.  We would conclude, in any event, that D & L failed to carry its burden to establish that either law applies herein.

First, with respect to the Michigan Franchise Investment Law, we find that D & L has failed to come forward with sufficient evidence to establish that it operated under a "marketing plan or system prescribed in substantial part by a franchisor."  The affidavit of David Conlon of D & L falls far short of establishing that D & L conducted its business under a prescribed market plan or system.  Todd Goss of Powerscreen/Terex stated that they did not have any control over the decision making process or the day-to-day operations of D & L.  It stated that D & L was an independent distributor of Powerscreen/Terex products.  In fact, in its recently-filed counterclaim D & L describes at some

length its development of its Michigan and Ohio Powerscreen/Terex distributorships.  *See, James v. Whirlpool Corp.*, 806 F.Supp. 835 (E.D.Mo. 1992).

With respect to the Michigan Farm and Utility Equipment Act, its purpose and application is stated at the beginning of the statutory provisions:

> An act to provide for the compensation for or repurchase of certain farm tractors, attachments, equipment and utility tractors and equipment by certain manufacturers or suppliers subject to certain dealer, wholesaler, or distributor agreements; to provide for the repurchase of certain repair parts; to impose certain duties and responsibilities on certain persons; and to provide certain remedies.

A review of the provision of the act make clear that Powerscreen/Terex's claims do not "arise under the provisions of th[e] act."  The act deals principally with the process for repurchasing inventory following termination of a farm and utility equipment agreement.  *See, §§ 445.1453; 445.1454; 445.1455; 445.1456.*  There is thus no basis for the suggestion that Michigan has an interest in deciding Powerscreen/Terex's claims.

Additionally, D & L recently filed a counterclaim alleging violation of the Michigan Farm and Utility Equipment Act by the plaintiffs.  D & L was apparently confident that this court may adjudicate such a claim.  D & L stated in its reply brief that this court is "certainly capable of applying Michigan law," but that "the Michigan courts are 'at home' with the laws governing this dispute."  Reply, p. 10.

In sum, we find that convenience to the parties, the accessibility of documents and records, and the location where the offending conduct occurred are all factors which do not favor one party over another.  As noted earlier, there has been an insufficient showing with regard to the convenience of witnesses.  The interests of justice favor the retention of the action by this court inasmuch as this is the plaintiff's forum of choice, and neither judicial economy nor comparative cost or the like would favor a transfer to the Eastern District of Michigan.

For the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, D & L Equipment, Inc. to transfer venue (DN 20) is **DENIED.**

**IT IS SO ORDERED.**