UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| POWERSCREEN USA, LLC, et al. | PLAINTIFFS |
| v. | CIVIL ACTION NO. 3:07CV-433-S |
| D & L EQUIPMENT, INC. | DEFENDANT |
| | |
| POWERSCREEN USA, LLC, et al. | PLAINTIFFS |
| v. | CIVIL ACTION NO. 3:07CV-699-S |
| S & L EQUIPMENT, INC. | DEFENDANT |

## **MEMORANDUM OPINION AND ORDER**

These related matters are before the court on motion of the defendant, D & L Equipment, Inc. ("D & L"), to reconsider or alternatively to hold final judgment in abeyance (DN 160) (No. 3:07CV-433-S).

In September of 2009, this court issued a Memorandum Opinion and Order in each of these two actions resolving all but a portion of one counterclaim. In August, 2010, the court granted summary judgment on the remaining counterclaim for breach of warranty and entered an order amending the outstanding principal balance on unpaid invoices owed to the plaintiff, Powerscreen USA, LLC, by D & L to reflect an offset for certain unpaid warranty claims. The plaintiffs were ordered to tender final judgments in these actions. Proposed final judgments were tendered on August 13, 2010.

Prior to their entry, D & L filed the present motion to reconsider or to hold the final judgments in abeyance. The motion focuses on the court's grant of summary judgment on Count

VIII of D & L's counterclaim alleging violation of the Michigan Farm and Utility Equipment Act ("FUEA").[1]

In the summary judgment opinion, the court noted that the Michigan FUEA prohibits a supplier from terminating a distributorship without good cause. Mich.Comp.Laws 455.1457(a). The court further stated:

> D & L readily admits that failure to perform a substantial part of the distributorship agreement or one of its essential terms constitutes a substantial breach under Michigan law. *Rosenthal v. Triangle Dev. Co.,* 246 N.W. 182 (Mich. 1933). The court has already determined that no genuine issue of fact exists with regard to D & L's default under the repayment agreement. Additionally, as the Michigan distributorship agreements were entered into in 1994, the 1995 amendment adding "good cause" with respect to terminations does not apply. *See, Cloverdale Equipment Co. v. Manitowoc Eng. Co.,* 1998 WL 385906 (6th Cir. July 1, 1998)("good cause" requirement does not apply retroactively).

DN 100, Memorandum Opinion, p. 18.

D & L now cites a recent case from the Eastern District of Michigan, *Laethem Equipment Co. v. Deere & Co.*, No. 2:05CV-10113 for this court's consideration. D & L contends that this court should vacate summary judgment on D & L's counterclaim because the court in *Laethem Equipment* submitted the issue of good cause for termination under FUEA to the jury, after concluding that good cause should be applied to a 1994 distributorship. In *Laethem Equipment*, however, the court found that a genuine issue of material fact existed with respect to the question of good cause. There is no genuine issue of material fact in the case at bar inasmuch as there is no issue of fact with respect to D & L's default under the repayment agreement. This court evaluated the facts presented and D & L's argument that it was, essentially squeezed by Powerscreen when it was required to reduce past indebtedness, enter into a payment plan, and remain current on new

---

[1] The motion to reconsider was made only in No. 3:07CV-433-S.

purchases, while Powerscreen simultaneously raised its prices and developed a market for Finlay products. DN 100, Memorandum Opinion, p. 18. The court concluded, however, that D & L had not shown that other distributors carrying $7.2 million in unpaid invoices were treated differently from D & L or that the price increases were not handled evenhandedly in the market. *Id.* at 18-19. D & L has not identified any error in this ruling.

Alternatively, D & L suggests that the court should hold final judgment in abeyance "pending the Sixth Circuit's resolution of the *Laethem* issues." DN 160, Mo. to Rec., p. 3. D & L urges that "If the Sixth Circuit determines that the *Laethem* court was correct in its submission of the issue, then this Court's contrary conclusion in its Memorandum Opinion must be vacated." *Id.* D & L cites no authority for the proposition that the court should hold final judgment in abeyance. The cases are factually dissimilar, therefore this court rejects the notion that an affirmance of *Laethem* would impact the outcome of the case at bar.

For these reasons, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, D & L Equipment, Inc., to reconsider or hold final judgment in abeyance (DN 160) is **DENIED.**


**IT IS SO ORDERED.**